IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL ACTION |
| | : |
| v. | : NO. 16-370-1 |
| | : |
| JOSE MORALES | : |

## ORDER-MEMORANDUM

**AND NOW,** this 21st day of October 2020, after review of the Defendant's *pro se* letter request for an Order directing the Bureau of Prisons to change his public safety score and allow him to transfer to a facility closer to home (ECF Doc. No. 193), but failing to provide constitutional grounds and reminding the Defendant these requests must generally be addressed by the Bureau of Prisons, it is **ORDERED** the Defendant's request (ECF Doc. No. 193) is **DENIED** without prejudice to seek internal remedies through the Bureau of Prisons.

### *Analysis*

Jose Morales is currently serving two concurrent, one hundred and eighty-four (184) month sentences.[1] Mr. Morales challenges his public safety factor score set by the Bureau of Prisons.[2] Mr. Morales specifically requests our assistance in changing his public safety factor score, which will make him eligible to transfer to facility closer to his home.[3]

Congress mandates government agencies who keep records must take reasonable steps in maintaining accurate information to assure fairness to the individual.[4] Congress delegates inmate

---

[1] ECF Doc. No. 146 at 2.

[2] ECF Doc. No. 193 at 1.

[3] *Id.*

[4] 5 U.S.C. § 552(e)(5).

classification to correctional institutions and provides guidelines for the classification process.[5] The custody classification system merely recommends an inmate's custody.[6] The final decision in classifying an inmate is left to prison officials' discretion, so long as they follow the administrative guidelines.[7] To the extent Mr. Morales seeks judicial intervention to alter his custody classification, we evaluate our authority to act.

Prisoners do not have constitutional rights to particular custody classifications.[8] Congress vests the Bureau of Prisons with broad discretionary authority regarding prisoners' placement and classification while incarcerated.[9] The Bureau of Prisons may place an incarcerated person in any penal or correctional facility so long as the facility meets minimum standards of health and habitability.[10] In *Sappleton*, an incarcerated person argued the Bureau of Prisons improperly calculated his custody classification to include inaccurate information contained in his Presentence Report.[11] The incarcerated person complained this classification asserted the greatest public safety severity factor against him and adversely affected his job and quarters assignments, and his

---

[5] 18 U.S.C. § 4081.

[6] *Sake v. Sherman*, No. 06-163, 2007 WL 2254529, at *2 (W.D. Pa. Aug. 6, 2007).

[7] *Id.* An inmate's Custody Classification score requires evaluating the following factors: (1) the inmate's 'base score, assigning numerical value to each subsequent factor; (2) type of detainer; (3) severity of current offense; (4) months to release; (5) criminal history score; (6) history of escape or attempts; (7) history of violence; (8) voluntary surrender status; (9) age; (10) education level; and (11) drug/alcohol abuse. *Id.*

[8] *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986).

[9] *Sappleton v. Hogsten*, No. 11-552, 2014 WL 2565547, at *4 (S.D.W.Va. June 6, 2014) (citing 18 U.S.C. § 3621(b)).

[10] 18 U.S.C. § 3621(b).

[11] *Sappleton*, 2014 WL 2565547, at *1.

opportunities to participate in prison activities.[12] Relying on Supreme Court direction, Judge Farber held the incarcerated person did not possess a constitutionally protected interest in his classification as Congress gives federal prison officials full discretion without judicial intervention to control conditions of confinement.[13] The Constitution does not afford inmates the right to a particular security or custody classification as long as the challenged condition or degree of confinement is within the imposed sentence.[14]

Mr. Morales does not allege the Bureau of Prisons is violating his constitutionally protected rights. We have no basis to find the prison officials did not act within their discretion when classifying Mr. Morales. Absent evidence the Bureau of Prisons deprived Mr. Morales of a constitutionally protected right, we cannot usurp the Bureau of Prisons' power. Like in *Sappleton*, Mr. Morales argues the Bureau of Prisons improperly calculated his custody classification by including inaccurate information. Since the conditions of his current camp still appear to meet health and habitability requirements, the Bureau of Prisons is within its discretion to control the conditions and placement of Mr. Morales' confinement. The Bureau of Prisons decides if Mr. Morales may transfer to a camp closer to home.

KEARNEY, J.

---

[12] *Id.*

[13] *Id.* at *4 (citing *Moody v. Daggett*, 429 U.S. 78, 88, n. 9 (1976)).

[14] *Id.* (citing *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir.1994), *cert. denied*, 513 U.S. 889 (1994)).