IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | NO. 16-370-1 |
| | : | |
| **JOSE MORALES** | : | |

# MEMORANDUM

**KEARNEY, J.** August 31, 2022

Incarcerated persons seeking compassionate release from their considered sentences must show extraordinary and compelling reasons for release before we apply the factors set by Congress for reducing a final sentence. Rehabilitation (other than some form of exceptional efforts) and a generalized fear of contracting COVID are not typically extraordinary and compelling reasons. We today address an incarcerated man's pro se motion for compassionate release asking to release him about halfway through his sentence because of his claimed rehabilitation and his generalized fear of again contracting COVID. The man does not provide us with grounds to find extraordinary and compelling reasons for compassionate release under either theory. We deny his motion for compassionate release without prejudice.

**I.    Background**

Our grand jury returned a three count second superseding indictment against Jose Morales charging his involvement in a cross-country distribution organization transporting multi-kilograms of cocaine from Puerto Rico to Florida and Pennsylvania.[1] Mr. Morales plead guilty to conspiracy to distribute five kilograms or more of cocaine, possession with intent to distribute, aiding and abetting the possession with intent to distribute, and distribution and aiding and abetting the distribution within 1,000 feet of a school on February 17, 2017.[2]

We sentenced Mr. Morales to 184 months of imprisonment and ten years of supervised release for Counts 1 and 3.[3] Mr. Morales is currently serving his sentence at the minimum-security facility in Yazoo City, Mississippi. Mr. Morales moved for compassionate release after serving six years and three days of his imposed sentence.[4] The Bureau of Prisons presently calculates his release date as August 25, 2029.[5]

Mr. Morales has taken multiple instructive courses while incarcerated including business planning, Spanish, and drug education.[6] His supervisors at UNICOR recognized his accomplishments at work and have provided financial bonuses for "contribution above and beyond normal duties."[7] Mr. Morales has no disciplinary infractions, resides in the facility's lowest security housing, and holds a low PATTERN score.[8]

Mr. Morales sent his medical records for our review.[9] Medical professionals prescribed medication for his high blood pressure, high cholesterol, and heart disease. The records do not indicate other complications from those conditions. Mr. Morales contracted COVID-19.[10] He complained of trouble breathing, fogginess, and rapid heartbeat episodes, and shared the lockdown status of the facility adversely affected him.[11] The medical records do not address long-lasting conditions from his COVID-19 infection nor address Mr. Morales's vaccination status.

**II.     Analysis**

Mr. Morales now *pro se* seeks compassionate release. Mr. Morales argues extraordinary and compelling reasons for compassionate release fall into two buckets: 1) his rehabilitation and 2) the risks presented by COVID-19. Neither basis warrants release.

Congress allows us to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions" if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," we find "extraordinary and compelling

reasons warrant such a reduction."[12]  We may consider the Sentencing Guidelines to determine whether a petitioner presents "extraordinary and compelling reasons" to warrant a reduction in sentence.[13]  We may also consider the Sentencing Commission's non-binding policy statement at U.S.S.G. § 1B1.13, which "sheds light on the meaning of extraordinary and compelling reasons."[14]  The Bureau of Prisons generally considers the medical condition, age, and family circumstances of the defendant to determine whether extraordinary and compelling reasons exist.[15]  We may consider—but are not bound by—the factors the Bureau of Prisons employs when evaluating requests for compassionate release under the Sentencing Commission's section 1B1.13 Note 1(D).[16]

Mr. Morales does not meet his burden to show extraordinary and compelling reasons for release. We commend Mr. Morales on his efforts while incarcerated.  But he does not show his rehabilitation to be exceptional nor is he particularly susceptible to severe illness from COVID-19. We deny Mr. Morales's motion.

> **A.** **Mr. Morales's rehabilitation is not an extraordinary and compelling reason for early release.**

Mr. Morales's rehabilitation does not warrant release. Mr. Morales argues his extensive rehabilitation constitutes extraordinary and compelling reasons under the Sentencing Guidelines' "catch-all" provision.[17]  Mr. Morales cites to educational courses, UNICOR employment, and an incident-free disciplinary record.[18] Mr. Morales emphasizes his low PATTERN score and custody classification as evidence of rehabilitation.[19] Institutional adjustment and disciplinary records, in addition to other factors, can be considered when evaluating a motion for compassionate release. But they cannot create extraordinary and compelling reasons.[20]

We agree an incarcerated person's rehabilitation does not deserve "substantial weight" in determining extraordinary and compelling reasons "unless there is something exceptional about that rehabilitation."[21] Mr. Morales has not offered something exceptional about his rehabilitation.

**B.    Mr. Morales's claimed risk of COVID-19 is not an extraordinary and compelling reason for release.**

Mr. Morales argues he faces an increased risk of illness to COVID-19 because of his high blood pressure, high cholesterol, and heart issues. This claimed risk is not an extraordinary and compelling reason for release.

It is now well-settled "the existence of COVID-19 cannot alone justify compassionate release."[22] The "existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit."[23] It is also well-settled COVID-19 vaccinations "are highly effective at preventing infection and . . . at reducing the severity of symptoms" from COVID-19 and its presently known variants. COVID-19 may constitute an extraordinary and compelling reason for release only if a movant shows he is "particularly susceptible to serious illness or death" from contracting COVID-19, "usually as a result of one or more underlying comorbidities."[24]  This requires an incarcerated person to show "he is unable to receive or benefit from a vaccine."[25]  The proliferation of vaccines throughout the Bureau of Prisons allows us to find compassionate release motions based on COVID-19 "generally lack merit."[26]  "[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."[27]

Mr. Morales does not meet his burden to show he is at an increased risk of severe complications from COVID-19. Mr. Morales previously contracted COVID-19, suffering from trouble breathing, fogginess, and rapid heartbeats, and the lockdown quarantine status has

4

"adversely affected" him.[28] Mr. Morales's vaccination status is unclear based on his latest medical records. But he has not demonstrated an inability or hardship to receive the vaccine.[29] Mr. Morales's medical records show the facility is actively prescribing proper medication for his high blood pressure, high cholesterol, and heart issues. Mr. Morales offers no basis to find extraordinary and compelling reasons for early release other than the general "health risk to every federal prisoner as the result of this global pandemic"[30] Mr. Morales is one of "the vast majority of prisoners the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."[31]

## III. Conclusion

Jose Morales moves for compassionate release. We are not persuaded either his rehabilitation or risk of COVID-19 illness constitutes an extraordinary and compelling reason. We deny Mr. Morales's motion for compassionate release without prejudice.

---

[1] ECF Doc. No. 144 at 1–2.

[2] ECF Doc. No. 86 at 1.

[3] ECF Doc. No. 146. We subsequently dismissed Count 2 because possession with intent to distribute is a lesser included offense of Count 3, distribution of 5 kilograms or more of cocaine within 1000 feet of a school.

[4] ECF 195 at 7.

[5] *Id.*

[6] *Id.* at 8.

[7] *Id.* at 3.

[8] *Id.* at 5.

[9] ECF 197.

[10] ECF 195 at 1.

---

[11] *Id.*

[12] 18 U.S.C. § 3582(c)(1)(A)

[13] *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021).

[14] *Id.*

[15] *See* U.S.S.G. § 1B1.13, Note 1(A–C).

[16] *Andrews*, 14 F.4th at 260.

[17] ECF 195 at 10–11.

[18] ECF 195 at 1.

[19] *Id.*

[20] *See* U.S. Dep't of Justice, Program Statement 5050.50 at 12, available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last visited Aug. 30, 2022).

[21] *United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021).

[22] *United States v. Roeder*, 807 F. App'x 157, 161 n.16 (3d Cir. 2020)

[23] *Id.*

[24] *United States v. Johnson*, No. 18-578-1, 2022 WL 901468, at *4 (D.N.J. Mar. 28, 2022); *see also United States v. Gatson*, No. 13-705, 2022 WL 1269785, at *2 (D.N.J. Apr. 28, 2022) (vaccines effective against "Delta and other variants"); *United States v. Hannigan*, No. 19-373, 2022 WL 815449, at *15 (E.D. Pa. Mar. 17, 2022) ("Even in the era of the highly transmissible omicron variant, Moderna vaccination and booster shot is highly effective against severe illness.") (and compiling cases).

[25] *United States v. Singh*, 525 F. Supp. 3d 543, 546 (M.D. Pa. 2021).

[26] *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021).

[27] *United States v. Reed*, No. 18-78, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021).

[28] ECF 195 at 1.

[29] *See* ECF Doc. No 197.

[30] *Roeder*, 807 F. App'x at 161 n.16.

[31] *Broadfield*, 5 F.4th at 803.