## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL ACTION** |
| | **:** | |
| **v.** | **:** | **NO. 16-370-1** |
| | **:** | |
| **JOSE MORALES** | **:** | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                        **December 26, 2023**

The United States Sentencing Commission recently recommended federal sentencing judges may reduce earlier sentences if the incarcerated person qualified as a "zero point" criminal history offender at sentencing. The Sentencing Commission recommended we now reduce the offense level by two steps if the defendant qualified as a zero-point history offender at sentencing. But the Sentencing Commission does not allow us to lower the sentence retroactively to a term less than the minimum of the amended guidelines range now set at a lower offense level.

We sentenced zero point" offender Jose Morales over six years ago to 184 months in prison by varying downward from a recommended sentence of life imprisonment. He now moves for reduction under the recent amendment to the Guidelines. Mr. Morales' amended guideline range will allow us to now sentence him to 324-405 months in prison. He does not qualify for reduction as our 184-month sentence is lower than it would be under the revised guideline range. We deny his motion for reduction.

## I.      Background

Our Grand Jury returned a three count second superseding indictment against Jose Morales charging his involvement in cross-country distribution of multi-kilograms of cocaine from Puerto Rico to Florida and Pennsylvania.[1] Mr. Morales pleaded guilty on February 17, 2017 to conspiracy

to distribute five kilograms or more of cocaine, possession with intent to distribute, aiding and abetting the possession with intent to distribute, and distribution and aiding and abetting the distribution within 1,000 feet of a school.[2]

Mr. Morales then agreed to the probation officer's and his attorney's calculation of an adjusted offense level of 43 and a criminal history category of I as a first-time offender. The United States Sentencing Commission recommended we sentence Mr. Morales to life imprisonment. We sentenced Mr. Morales to 184 months of imprisonment and ten years of supervised release for Counts 1 and 3.[3]

Mr. Morales is currently serving his sentence at the minimum-security facility in Yazoo City, Mississippi. The Bureau of Prisons presently calculates his release date as August 25, 2029.[4]

The United States Sentencing Commission amended the Sentencing Guidelines allowing sentencing judges as of November 1, 2023 to reduce a defendant's offense level two points if the defendant "did not receive any criminal history points."[5] This reduction may allow for less time in prison if it provides a benefit to the incarcerated person.

## II.   Analysis

Mr. Morales now *pro se* seeks a reduction of sentence.[6] Mr. Morales argues the Sentencing Commission's Amendment 821 creating a two-point downward adjustment for "zero-point" criminal defendants requires we reduce his originally imposed offense level and reduce his sentence accordingly. But applying the two-point downward adjustment would not impact Mr. Morales's sentence because we applied the section 3553(a) factors to impose a sentence below his suggested guideline range and requested revised guideline range over six years ago.

Congress allows us to modify Mr. Morales's term of imprisonment if the United States Sentencing Commission revised the Sentencing Guidelines lowering his original sentencing range

and the section 3553(a) factors support reducing Mr. Morales's term of imprisonment.[7] We cannot lower Mr. Morales's sentence "to a term that is less than the minimum of the amended guideline range."[8]

Mr. Morales agreed with our calculation of a criminal offense level of 43 and a criminal history category of I when we sentenced him on November 21, 2017.[9] The Sentencing Commission then recommended life imprisonment for an offense level of 43. We sentenced Mr. Morales to 184 months incarceration and ten years supervised release.[10] Applying the Sentencing Commission's "zero-point" offender today amends Mr. Morales's criminal offense level to 41. The Sentencing Guidelines range for a criminal offense level of 41 is 324-405 months imprisonment. The Sentencing Commission's Policy statement 1B1.10(b)(2)(A) prevents us from re-sentencing Mr. Morales below the 324-month low-end of his amended sentence range. We sentenced him to 184 months. We lack a basis to reduce the sentence below 184 months.

## III.   Conclusion

Jose Morales *pro se* moves for a reduced sentence citing the Sentencing Commission's newly issued "zero-point" amendment. We sentenced Mr. Morales below both his original and amended sentencing range in November 2017. The Sentencing Commission does not recommend reducing Mr. Morales's 184-month sentence. We deny Mr. Morales's motion for reduction of sentence.

---

[1] ECF No. 144 at 1–2.

[2] ECF No. 86 at 1.

[3] ECF No. 146. We subsequently dismissed Count 2 because possession with intent to distribute is a lesser included offense of Count 3, distribution of 5 kilograms or more of cocaine within 1000 feet of a school.

---

[4] *Id.* Mr. Morales moved for compassionate release over sixteen months ago. ECF No. 195 at 7. We denied Mr. Morales's Motion for compassionate release on August 31, 2022. ECF No. 199.

[5] U.S.S.G. § 4C1.1(a)(1).

[6] We referred Mr. Morales's *pro se* Motion to the Federal Community Defender Office for the Eastern District of Pennsylvania to determine whether it would seek appoint to represent Mr. Morales. ECF No. 204 ¶ 1. The Federal Community Defender Office did "not have anything to add" to Mr. Morales's Motion and declined appointment.

[7] 18 U.S.C. § 3582(c)(2).

[8] U.S.S.G. § 1B1.10(b)(2)(A).

[9] *See* ECF No. 146.

[10] *Id.* at 2-3.